IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02124-KMT

DIANE H. SHUCK,

        Plaintiff,

v.

ACADEMY SCHOOL DISTRICT 20, LINDA VAN MATRE,
TRACEY JOHNSON, CATHERINE BULLOCK,
LARRY BORLAND,GLENN STREBE,
MARK HATCHELL, DAVID PEAK,
SUSAN FIELD, TORIA MCGILL, in their official
and individual capacities,

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

      This matter comes before the Court on the Parties' Joint Motion for Entry of Protective

Order.  The Court has reviewed the Motion.  Pursuant to Federal Rule of Civil Procedure 26(c),

as well as Federal Rules of Evidence 502(d) and (e), the Parties have shown good cause in

support of the entry of a protective order to protect the discovery and dissemination of

confidential information.  Therefore, IT IS ORDERED:

      1.    This Stipulated Protective Order ("Protective Order") shall apply to all

information, documents, electronically-stored information, and other materials disclosed,

produced, exchanged, or otherwise disseminated in this case, including without limitation,

documents produced, answers to interrogatories, responses to requests for admission, deposition

testimony, and other information disclosed, produced, or exchanged pursuant to procedures set forth in the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      As used in this Protective Order, "electronically-stored information" means any type of information that can be stored electronically, and is intended to be broad enough to cover all types of electronically stored and/or electronically transmitted information.

4.      Information, documents, electronically-stored information, and/or other materials designated as "CONFIDENTIAL" (collectively, "CONFIDENTIAL material" or "CONFIDENTIAL information") shall be information, documents, electronically-stored information, and/or other materials that are confidential such as: (a) personnel records of current or former employees of Academy School District 20 or Air Academy High School; (b) any non-public personal information, including credit or debit numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information; (c) trade secrets and commercial or financial information that is either privileged or confidential, including but not limited to policies and practices maintained by Academy School District 20 or Air Academy High School; (d) Protected Health Information; (e) non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); and (f) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c).

5.      CONFIDENTIAL material shall not, without the consent of the party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed

except that the information may be disclosed, solely for the purposes of this case to: attorneys actively working on this case; persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including Plaintiff and representatives of Academy School District 20; expert witnesses and consultants retained in connection with this proceeding, if any, to the extent the disclosure is necessary for preparation, trial, or at other proceedings in this case, subject to the provisions of Paragraph 6 of this Protective Order; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; or deponents, witnesses, or potential witnesses, subject to the provisions of Paragraph 10 of this Protective Order; other persons by written agreement of the parties.

6.      Before disclosing any CONFIDENTIAL information to any consulting or testifying expert, counsel for the disclosing party or parties shall provide a copy of this Protective Order to the consulting or testifying expert, and the consulting or testifying expert shall agree to be bound to the terms of this Protective Order and shall execute a declaration identical to Exhibit 1 attached to this Protective Order.

7.      CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation, trial, and appeal of this case.

8.      Information, documents, electronically-stored information, and/or other materials are designated as CONFIDENTIAL by placing or affixing (in a manner that will not interfere with their legibility) the following or other appropriate notice—"CONFIDENTIAL"—on every page containing CONFIDENTIAL information. With the exception of depositions, which are

EXHIBIT A

discussed below in Paragraph 10, information, documents, electronically-stored information, and/or other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

9.      Before any information is designated as "CONFIDENTIAL," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the information, documents, electronically-stored information, and/or other materials are confidential or otherwise are entitled to protection pursuant this Protective Order and Fed. R. Civ. P. 26(c).

10.     During any deposition, CONFIDENTIAL information may be disclosed to any deponent.  Before that disclosure is made, the disclosing party shall advise the deponent (as well as counsel, if any, representing the deponent) that the information about to be disclosed is subject to this Protective Order and that any further disclosure of the CONFIDENTIAL information by the deponent (or the deponent's counsel, if any) shall constitute a violation of this Protective Order. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. The designation shall be made on the record during the deposition or after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

EXHIBIT A

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to schedule a telephone conference with the Magistrate Judge within twenty (20) business days after the time the notice is received, asking the Magistrate Judge to assist the parties' disagreement over and resolution of whether the disputed information should be subject to the terms of this Protective Order. If such a telephone conference is scheduled, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the parties resolve their dispute or the Court rules on a motion.  If the Designating Party fails to schedule a telephone conference within the prescribed time or fails to make good-faith efforts to timely schedule the conference, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a dispute under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.    This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions; pleadings; motions; at trial; or in post-trial motions or proceedings, provided that the uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL material may be used, this Stipulated Protective Order does not waive any right or obligation of any party to file a motion under D.C.COLO.LCivR. 7.2 to restrict access to all or a portion of papers and documents filed with the Court.  In addition, the parties agree to

comply with D.C.COLO.LCivR. 7.2 regarding procedures for restricting access to documents that are marked "CONFIDENTIAL."

13.     In the event that any CONFIDENTIAL material is used in any Court proceeding in this action or any appeal from this action, counsel shall confer in good faith on procedures necessary to protect the confidentiality of any material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to the information in camera or in a sealed courtroom.  No party, other than the Designating Party, shall offer CONFIDENTIAL material into evidence, or otherwise tender CONFIDENTIAL material to the Court in any court proceeding, without first advising the Court and the Designating Party of its intent to do so; notification is satisfied by provision of an exhibit list or copy of exhibits to be proffered.  At that point, the Designating Party may seek protection from the Court, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records.  The use of CONFIDENTIAL material in any court proceeding shall not prejudice or limit in any way the rights of any person to petition the Court for further protective measures to protect the confidentiality of the material.

14.     If, during the course of this litigation, a Producing Party determines that it has produced privileged Discovery Material, pursuant to Federal Rule of Evidence 502(d) and (e):

a.     The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged documents.  The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing.  The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege claimed, and the basis for the assertion of the

EXHIBIT A

privilege.  In the event that any portion of the Discovery Material does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege.

b.      The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts, or compilations of the content of the privileged Discovery Material.  To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where privileged Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

c.      To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice, the Receiving Party shall sequester the documents until the claim has been resolved.  If the Receiving Party disclosed the Discovery Material subject to a claim of privilege before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

d.      The Receiving Party's return, sequestration, or destruction of privileged Discovery Material as provided for in this Protective Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed

EXHIBIT A

documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege.  However, the Receiving Party is prohibited and estopped from arguing that:

      i.      The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

      ii.      The disclosure of the Discovery Material was not inadvertent;

      iii.      The Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

      iv.      The Producing Party failed to take reasonable or timely steps to rectify the error.

      e.      Upon a determination by the Court that the Discovery Material is protected by the applicable privilege, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Protective Order). The Court may also order the identification by the Receiving Party of privileged Discovery Material by search terms or other means.

      f.      Nothing contained in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

      15.      The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of

EXHIBIT A

this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation.   At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain CONFIDENTIAL information or references to CONFIDENTIAL information; provided that counsel, and employees of counsel, shall not disclose retained materials to any person or use retained materials for any purpose unrelated to this action except pursuant to court order or written agreement with the Designating party. Where parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.   Notwithstanding the provisions of this paragraph, the parties, their counsel, and experts for a party shall not be required to return or to destroy any CONFIDENTIAL information to the extent prohibited by law or to the extent CONFIDENTIAL information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any CONFIDENTIAL information is not returned or destroyed due to the foregoing reasons, the CONFIDENTIAL information shall remain subject to the confidential obligations of this Protective Order.

16.    If any person receiving and in the possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking discovery material containing CONFIDENTIAL information by one not a party to this

action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of the subpoena, demand or legal process, to the Designating Party, assuming the provision of the notice is not forbidden by law or legal authorities.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking the discovery material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

17.     This Protective Order, the production or receipt of CONFIDENTIAL material, and/or compliance with the terms of this Order, shall not:

a.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery;

b.     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

c.     Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should be subject to other or further protection;

d.     Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

EXHIBIT A

e.      Prejudice in any way the rights of a party to contest the designation of any

information as "CONFIDENTIAL."

18.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 1st day of February, 2016.

BY THE COURT:

_____

THE HONORABLE KATHLEEN M. TAFOYA

AGREED AND APPROVED:

/s Joel W. Cantrick
Joel W. Cantrick
JOEL W. CANTRICK, P.C.
900 Arapahoe Avenue, Suite 101
Boulder, CO 80402
Telephone:  303.800.2820
Facsimile:  303.800.2821
Email:  jwc@joelcantrick.com

ATTORNEYS FOR PLAINTIFF
DIANE H. SHUCK

/s Michelle L. Gomez
Erin A. Webber
Michelle L. Gomez
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:   303.629.0200
Email: ewebber@littler.com
            mgomez@littler.com

ATTORNEYS FOR DEFENDANTS
ACADEMY SCHOOL DISTRICT 20, LINDA
VAN MATRE, TRACEY JOHNSON,
CATHERINE BULLOCK, LARRY
BORLAND, GLENN STREBE, MARK
HATCHELL, DAVID PEAK, SUSAN FIELD
AND TORIA MCGILL

Firmwide:138235268.1 063828.1011

EXHIBIT A