IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02124–KMT

DIANE H. SHUCK,

    Plaintiff/Counterclaim Defendant,

v.

ACADEMY SCHOOL DISTRICT 20,

    Defendant/Counterclaim Plaintiff,

and

LINDA VAN MATRE,
TRACEY JOHNSON,
CATHERINE BULLOCK,
LARRY BORLAND,
GLENN STREBE,
DAVID PEAK,
SUSAN FIELD, and
TORIA MCGILL, in their official and individual capacities,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff/Counterclaim Defendant's Motion for Summary Judgment on Academy School District's Counterclaims." (Doc. No. 52 ["Mot."].) Defendant/Counterclaim Plaintiff filed a Response (Doc. No. 53 ["Resp."]), to which Plaintiff/Counterclaim Defendant replied. (Doc. No. 55 ["Reply"]).

**1. Background Information**

Plaintiff/Counterclaim Defendant ("Plaintiff") began her employment with Defendant/Counterclaim Plaintiff ("Defendant") in 1992 as a teacher. Plaintiff became an athletic director in 1998 and an Assistant Principal/Athletic Director in 2003. In February 2015, Defendant began an investigation of Plaintiff based on allegations she had violated multiple policies of Defendant. Upon completion of the investigation, Plaintiff was removed from her position and reassigned as a student interventionist for the remainder of the 2014-2015 academic year. Plaintiff appealed this decision and it was ultimately affirmed. Defendant offered Plaintiff a Physical Education teaching position for the 2015-2016 school year, at a reduced salary. Plaintiff obtained an administrative position elsewhere.

On September 3, 2015, Plaintiff brought the current lawsuit, asserting claims under the Colorado Rules of Civil Procedure 106(a)(4) and 42 U.S.C. § 1983. (*See generally* Doc. No. 6.) On February 5, 2016, Defendant filed its Answer & CC to Plaintiff's Complaint and also asserted three state law counterclaims, including civil theft, fraudulent misrepresentation, and breach of fiduciary duty. (Doc. No. 36 ["Answer & CC & CC"] at 16-18.) By the current Motion, Plaintiff requests summary judgment against each claim based upon application of Colorado's economic loss rule.

**2. Facts**

1. On May 29, 2014, Plaintiff and Defendant executed a Notice of Licensed Administrative Appointment ("Notice of Appointment") naming Plaintiff as Defendant's High School Assistant Principal/Athletic Director effective from July 31, 2014 and terminating July 30, 2015. (Doc. No. 53-1.)

2. The Notice of Appointment provides, "By accepting this appointment, it is understood and agreed that you will perform such duties and assignment as may be reasonably directed by and in accordance with the requirement of the Board of Education of the District or its appropriate administrative officers." (*Id.*)

3. The Notice of Appointment also contains a Damages Clause that states, in relevant part:

> An administrator shall agree to pay damages to the school district . . . in an amount up to and including one-twelfth of the annual salary specified in this notice of appointment. Said damages shall be paid by the administrator or withheld from the administrator's salary if said individual abandons, breaches, or otherwise refuses to perform services for this school district pursuant to this notice of appointment, unless the administrator has given written notice to the board thereof on or before July 1, 2014 that the administrator will not fulfill the obligations of said individual appointment during the succeeding academic year, unless the administrator has given at least thirty days' written notice to the Board thereof during the academic year to the effect that the administrator wishes to be relieved of said individual's appointment for the remainder of the year as of a certain date.

(*Id.*)

4. Finally, under the Acceptance section, the Notice of Appointment provides:

> I agree to perform such duties and services as may lawfully be required of me to the best of my abilities and in a faithful and efficient manner and to comply with all state and federal laws relating to my employment and to all policies and regulations of the Board of Education of Academy School District 20 and the State of Colorado. I also acknowledge that Board policy is a unilateral expression of intent and is not a contract with its staff members.

(*Id.*)

**3. Standard of Review**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a

motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

**3. Analysis**

    a. **Defendant's Counterclaims**

As an initial matter, in order to determine whether Colorado's economic loss rule applies, an understanding of the precise bases of Defendant's counterclaims is essential. Defendant's civil theft claim is based upon allegations Plaintiff used the money collected at gates at Defendant's sporting events to purchase alcohol to serve at coaches' dinners and functions, in violation of Defendant's policy prohibiting the use of money from student activities to purchase alcoholic beverages. (Answer & CC at 12, 14, 16, 17.) The fraudulent misrepresentation claim is based upon allegations Plaintiff misrepresented that she had performed a reference check on an applicant for custodian. (*Id.* at 15, 16-17.) Defendant hired the custodian and he ultimately resigned in lieu of termination after it was determined he had engaged in inappropriate conduct. (*Id.* at 15.)

Finally, Defendant's breach of fiduciary duty claim is based upon Defendant's assertion Plaintiff failed to act solely for Defendant's benefit "in all matters connected to her employment." (*Id.* at 17.) Defendant specifies Plaintiff "breached her fiduciary duty in numerous ways including but not limited to: (1) removing and retaining funds from AAHS and using the money to purchase alcohol in express violation of [Defendant]'s policies; (2) hiring her two sons without adequate approval in contravention of [Defendant]'s conflict of interest policy; (3) failing to conduct reference checks prior to hiring certain employees; (4) allowing coaches

who had not passed background checks to work with students." (*Id.* at 17.) Defendant indicates the latter allegation is also a violation of its policies. (*Id.* at 13.)

### b. Economic Loss Rule

"Colorado's economic-loss rule has been formulated as follows: '[A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law.'" *Haynes v. Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009) (quoting *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000)). "The Colorado Supreme Court has explained that by limiting the tort liability of contracting parties, the rule aims to 'maintain the boundary between contract law and tort law.'" *Id.* (quoting *Town of Alma*, 10 P.3d at 1259). "The key to determining the availability of a contract or tort action lies in determining the source of the duty that forms the basis of the action." *Town of Alma*, 10 P.3d at 1262. "'A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty *arising independently* of any contract duties between the parties, however, may support a tort action.'" *Id.* (quoting *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995)) (emphasis in original).

Plaintiff contends she is entitled to summary judgment under the economic loss rule because each of Defendant's counterclaims is based upon a violation of duties that are encompassed within Plaintiff's Notice of Appointment. In the present case, the parties do not dispute that the Notice of Appointment governed their employment relationship. However, Defendant argues the Notice of Appointment "does not address any of the actions Plaintiff is

alleged to have committed in violation of the duties owed to [Defendant]" and therefore, the economic loss rule does not apply. (Resp. at 5.) The court disagrees.

In determining whether the duty allegedly breached in a given case is independent of the parties' contract, a court must be mindful of the distinct sources of contract and tort obligations. "Contract obligations arise from promises the parties have made to each other, while tort obligations generally arise from duties imposed by law to protect citizens from risk of physical harm or damage to their personal property." *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004); *accord Town of Alma*, 10 P.3d at 1262.

> Under Colorado law, for a duty to be "independent" of a contract, and thus actionable in tort notwithstanding the economic-loss rule, two conditions must be met. First, the duty must arise from a source other than the relevant contract. . . . Second, the duty must not be a duty also imposed by the contract. *See BRW*[, 99 P.3d at 74]; *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1270 (Colo. 2000). *That is, even if the duty would be imposed in the absence of a contract, it is not independent of a contract that "memorialize[s]" it. BRW*, 99 P.3d at 74.

*Haynes Trane*, 573 F.3d at 962 (emphasis provided). *See also Owens v. Nationstar Mortg. LLC*, No. 14–cv–01434–PAB–KLM, 2015 WL 1345536, at *2 (D. Colo. March 23, 2015) ("Where a contract, by its language, subsumes an otherwise-applicable common law duty (such as a duty to make truthful representations or a duty of reasonable care), then the economic loss rule applies to bar any claims based on that duty.").

In *Haynes Trane*, relied on by Defendant in its Response, Trane asserted a counterclaim of fraud against Haynes TSA alleging that Haynes TSA "knowingly submitted false claimbacks and schemed to cover up these erroneous submissions by creating phony invoices." *Haynes Trane*, 573 F.3d at 961. HaynesTSA argued the claim was barred by the economic loss rule because tort law imposed a duty to refrain from fraud. *Id.* at 962. In response, Trane argued that

7

HaynesTSA's scheme involving claimbacks breached alleged contractual duties and therefore, the economic loss rule would apply regardless of whether the same duty was imposed under tort law. *Id.* The court did not disagree with Trane's reasoning regarding application of the economic loss rule when a common law duty is encompassed within a contract. *Id.* at 963. However, it noted the claimback provisions were actually a part of HaynesTSA's distributorship agreements, to which Trane was not a party, and were not duplicated in the contract between HaynesTSA and Trane. *Id.* Therefore, the court found the economic loss rule did not apply to bar HaynesTSA's fraud claim because the duty to avoid fraud was not a part of the contractual duties between those two parties. *Id.*

Unlike *Haynes Trane*, Plaintiff and Defendants are both parties to the relevant contract in this case - the Notice of Appointment. (Doc. No. 53-1.) More significantly, Defendant's civil theft and breach of fiduciary duty claims are based upon violations of Defendant's policies and Plaintiff's compliance with those policies is explicitly required by the Notice of Appointment. Specifically, the Notice of Appointment includes a provision requiring Plaintiff to "comply with . . . all policies and regulations of the Board of Education of Academy School District 20 . . . ." (*Id.*) Defendant's basis for its civil theft claim is that Plaintiff violated Defendant's policy that prohibited spending student activity money on alcohol by using gate receipts to purchase alcohol for coach dinners and receptions. (Answer & CC at 14, 16.) Similarly, three of the four bases for its breach of fiduciary duty claim are also based on policy violations including the policy prohibiting spending student activity money on alcohol, *see id.* at 17, Plaintiff hiring her sons without adequate approval in violation of Defendant's conflict of interest policy, *see id.* at 15,

17, and violation of the policy requiring background checks on any proposed coach prior to that coach working with students. *Id.* at 13.

In its Response, Defendant relies on *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186 (Colo. Ct. App. 2008), arguing that the court therein held the economic loss rule applies where the plaintiff has an enforceable contractual remedy, and because the Notice of Appointment does not include a remedy for civil theft or breach of fiduciary duty, the rule does not apply. (Resp. at 8.) However, Defendant reads the *Rhino Fund* decision too narrowly.

In that case, an investor asserted tort claims against the owner of an investment fund arising out of the owner's diversion of money from the fund for his personal benefit. *Rhino Fund*, 215 P.3d at 1189-90. The court held that the tort claims for civil theft and conversion against the fund's owner were not barred by the economic loss rule specifically because the fund's owner was not a party to the relevant contract. *Id.* at 1195. Similar to the situation presented in *Haynes Trane*, the investor in *Rhino Fund* did not have a contractual remedy against the fund owner personally because the fund owner was not a party to the relevant contract. *Id.*

By contrast, the Damages Clause within the Notice of Appointment does encompass the actions underlying Defendant's counterclaims. As previously established, Defendant's claims for civil theft and breach of fiduciary duty are specifically based on Plaintiff's alleged breach of various District policies, and the obligation to comply with those policies is included within the Notice. (Doc. No. 53-1.) The Damages Clause includes the following: "Said damages shall be paid by the administrator or withheld from the administrator's salary if said individual abandons, *breaches*, or otherwise refuses to perform services for this school district pursuant to this notice of appointment," unless the administrator has given written notice to the board that she is not

9

going to fulfill the obligations encompassed therein. (*Id.*) (emphasis provided). Thus, unlike in *Rhino Fund*, Plaintiff's breach of district policies, underlying the majority of Defendant's counterclaims, and damages therefore, are encompassed within the Notice. *See also, cf., BRW*, 99 P.3d at 72 (explaining that the rationale underlying the economic loss rule includes enforcing "expectancy interests of the parties so that they can reliably allocate risks and costs during their bargaining" and encouraging "the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort." (citing *Town of Alma,* 10 P.3d at 1262, 1264)).

Defendant also relies on *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282 (Colo. Ct. App. 2009), arguing the economic loss rule does not apply because the Notice of Appointment does not include a "duty of care." (Resp. at 5-6.) In this, Defendant misses the point. The relevant inquiry is not whether the contract provides a so-called 'duty of care,' but whether the contract is a source for the duty allegedly breached. *BRW*, 99 P.3d at 74; *Haynes Trane*, 573 F.3d at 962; *Town of Alma*, 10 P.3d at 1262. In *Hamon*, the court held that a provision in the contract at issue that provided "professional services shall be in accordance with the prevailing standard of practice normally exercised in the performance of professional services of a similar nature in the Denver metropolitan area . . . would presumably preclude the type of concealment and misrepresentation" alleged in that case. *Id.* at 293. In making that determination, the court was looking to the source of the duty, not solely to whether the contract provided a "duty of care." *Id.*

Thus, it is clear Defendant's civil theft counterclaim and three of the bases for its breach of fiduciary duties counterclaim are barred by the economic loss rule.[1] However, the court cannot determine, based on the record before it, whether the Notice subsumes Defendant's remaining counterclaims.

Defendant bases one aspect of its breach of fiduciary duty counterclaim, as well as its fraudulent misrepresentation counterclaim, upon the allegation Plaintiff misrepresented that she had performed a reference check on an applicant for custodian. (*Id.* at 15, 16-17.) With respect to its other counterclaims, Defendant identifies a specific policy that Plaintiff's alleged actions violated. (*See* Answer & CC at 12-17.) However, neither Plaintiff nor Defendant identify a policy related to the requirement to do reference checks on all potential employees and neither has produced the District policies in their entirety. Thus, this court has no way of knowing whether such a policy exists.

If there is such a policy, then based on the same reasoning set forth above, the economic loss rule would apply to bar these claims. *See, supra*. If there is not, the court notes that Colorado imposes a common law duty "to abstain from fraud." *Haynes Trane*, 573 F.3d at 962; *see also Town of Alma*, 10 P.3d at 1263 (observing that a "common law fraud claim is based on violation of a duty independent of contract"). Thus, absent a relevant policy, Plaintiff owed an independent duty to abstain from fraud and the economic loss rule would not apply to these claims. Because the court cannot determine whether Defendant's Notice subsumed this common

---

[1] In light of this determination, it is unnecessary to address Plaintiff's additional argument supporting her request for summary judgment against Defendant's civil theft counterclaim. (Mot. at 6-8.)

law duty, the court cannot hold at this stage that Defendant's remaining breach of fiduciary duty and fraudulent misrepresentation counterclaims are barred by the economic loss rule.[2]

Therefore, it is

**ORDERED** that "Plaintiff/Counterclaim Defendant's Motion for Summary Judgment on Academy School District's Counterclaims" (Doc. No. 52) is **GRANTED in part and DENIED in part**. Specifically, Plaintiff's request for summary judgment against Defendant's counterclaims of civil theft (Counterclaim 1) and breach of fiduciary duty (Counterclaim 3) based upon her alleged violations of the policy prohibiting spending student activity money on alcohol, hiring her sons without adequate approval in violation of Defendant's conflict of interest policy, and violation of the policy requiring background checks on any proposed coach prior to that coach working with students is **GRANTED**. Plaintiff's request for summary judgment against Defendant's claims for fraudulent misrepresentation (Counterclaim 2) and breach of fiduciary duty (Counterclaim 3) based upon Plaintiff's alleged misrepresentation that she conducted a reference check on an applicant for custodian prior to his hire by Defendant is **DENIED**.

Dated this 5th day of September, 2017.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] The court notes that neither party addressed whether Defendant's allegations and/or the evidence of record was sufficient to establish a question of fact as to whether Plaintiff's alleged actions satisfied the elements of a fraudulent misrepresentation claim under Colorado law.